USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/31/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CERIOUS D. McCRAY,

                    Plaintiff,

          -against-

STATE OF NEW YORK, *et al.*,

                    Defendants.

17-CV-1395 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

Plaintiff, currently incarcerated at Walkill Correctional Facility, filed a *pro se* complaint under 42 U.S.C. § 1983.[1] On March 18, 2018, the Court dismissed the complaint with leave to replead. Plaintiff filed an amended complaint on July 20, 2018, and the Court has reviewed it. The amended complaint is dismissed because it fails to comply with the Court's order to amend, or with federal pleading rules. In light of Plaintiff's *pro se* status, however, the Court will grant him one final opportunity to file a pleading that states a viable claim.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

---

[1] Plaintiff, who is barred under 28 U.S.C. § 1915(g) from filing civil actions *in forma pauperis* (IFP) while a prisoner unless he is in imminent risk of serious physical injury, paid the filing fee to bring this action.

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing

circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

## BACKGROUND

Plaintiff's original complaint – which is 771 pages long and names 63 persons and entities as defendants – is difficult to understand, and concerns unrelated sets of events and occurrences. (ECF 7:17-CV-1395, 2.) On March 13, 2018, the Court issued an 18-page order describing the complaint as "largely rambling, incoherent, and rel[ying] heavily on misplaced legal jargon," summarizing Plaintiff's allegations as far as they could be interpreted, and dismissing most of the claims because they were either frivolous, sought relief from immune defendants, or failed to state a claim.[2] Noting that the complaint was unnecessarily long, lacked detail, and did not clearly allege facts stating a plausible claim, the Court granted Plaintiff leave to replead *only* those claims relating to alleged mail tampering and retaliation,[3] and "strongly encourage[d]" Plaintiff to limit the amended complaint to 50 pages. (ECF 7:17-CV-1395, 15 at 24.)

Plaintiff filed an amended complaint on July 20, 2018. (ECF 7:17-CV-1395, 30.) It is 217 pages long, and names scores of defendants, many of whom Plaintiff named in the original pleading and who have already been dismissed out of the case, either on immunity grounds, or because the facts alleged did not suggest that those defendants violated Plaintiff's constitutional

---

[2] Because the Court has already detailed Plaintiff's allegations in the March 18, 2018 order, it declines to do so again in this order.

[3] In the order to amend, the Court granted Plaintiff leave to name defendants and provide facts suggesting that those defendants retaliated against Plaintiff and prevented him from filing an amended complaint in *McCray v. New York State*, No. 13-CV-4766 (LAP) ("*McCray I*"). The Court noted that: (1) the docket sheet in *McCray I* indicated that during the pendency of that case, Plaintiff was held in Elmira Correctional Facility (C.F.), Greene C.F., Mid-State C.F., Woodbourne C.F., and Franklin C.F.; and (2) that none of the 63 named defendants were employed at any of those facilities.

rights. Plaintiff sets forth facts against Defendants who could not have been personally involved in tampering with Plaintiff's legal mail or retaliating against him, and he also asserts a host of new claims that were not set forth in the original pleading.

## DISCUSSION

Plaintiff's amended complaint is dismissed for failure to comply with federal pleading rules. "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citing Fed. R. Civ. P. 12(f)); *see also Shomo v. State of N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) (holding that where a complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of *pro se* plaintiff's 88-page, legal size, single spaced complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8"); *Lafurno v. Walters*, No. 18-CV-1935 (JS) (ARL), 2018 WL 2766144, at *3 (E.D.N.Y. June 8, 2018) (dismissing *pro se* plaintiff's 61-page complaint that included a 66-page "memorandum of law" and 157-page "affidavit").

The amended complaint does not comply with Rule 8 for the same reasons Plaintiff's original complaint did not comply with Rule 8. It does not contain a short and plain statement showing that Plaintiff is entitled to relief; it fails to provide fair notice to the defendants of the nature of his claims so that they may answer and prepare for trial; and it in no way clarifies Plaintiff's mail tampering and retaliation claims. Instead, it presents a barrage of allegations

against parole, corrections, and police officials, prosecutors, private attorneys, and others, regarding a slew of seemingly unrelated events.

Moreover, the Court granted plaintiff leave to amend his complaint *solely* to provide facts relating to the mail tampering and retaliation claims, and to name defendants who could arguably have been personally involved in those events. And, in an attempt to focus Plaintiff on those claims, the Court listed the correctional facilities where Plaintiff was detained at the time those claims arguably arose. Rather than only naming defendants at those facilities, however, Plaintiff names defendants with no conceivable connection to those two claims.

Additional allegations can only be added "with the opposing party's written consent, or the court's leave," Fed. R. Civ. P. 15(a)(2), and neither was present here. *See, e.g.*, *See McCray v. Cnty. of Dutchess*, ECF 7:10-CV-3930, 310 (CS) (S.D.N.Y. Jan. 4, 2017), 17-1781-cv (2d Cir. Mar. 18, 2019) (affirming dismissal of amended complaint in part because it went beyond the scope of the permitted amendment). Moreover, the Court is authorized to dismiss claims going beyond the scope of the original lawsuit and the permitted amendment. *See, e.g. Palm Beach Strategic Income, LP v. Salzman,* 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont General Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (citing cases); *Sullivan v. Stein*, 487 F. Supp. 2d 52 (D. Conn. 2007) (dismissing claims as "beyond the scope" of the Court's order).

Finally, Plaintiff is an experienced *pro se* litigator, having filed a number of *pro se* cases in this Court. *See McCray v. Fisher*, ECF 1:12-CV-3651, 17 (LAP) (S.D.N.Y. July 1, 2013) (dismissing complaint for failure to state a claim); *McCray v. Cnty. of Orange*, ECF 7:12-CV-

3950, 164 (CS) (S.D.N.Y. Feb. 1, 2016) (entering voluntary stipulation of dismissal), *aff'd*, 15-4165 (L), 16-0174 (Con) (2d Cir. May 30, 2017); *McCray v. New York State*, ECF 1:13-CV-4766, 36 (LAP) (S.D.N.Y. Sept. 18, 2014), *dismissed*, 14-4253 (2d Cir. July 16, 2015 (corrected mandate dismissing appeal as lacking an arguable basis either in law or in fact).

In light of Plaintiff's litigation history, he should be able to plead facts, should they exist, stating a § 1983 claim, arising out of the alleged mail tampering and retaliation.[4] The sheer length of Plaintiff's submissions contribute substantially to the Court's difficulty in deciphering his allegations. For this reason, the Court again strongly encourages Plaintiff to limit his amended pleading to 50 pages.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The amended complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff one final opportunity to file an amended pleading. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 17-CV-1395 (NSR). A Second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time.[5] If Plaintiff fails to comply

---

[4] Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." The Court will determine at a later time whether to exercise supplemental jurisdiction over any state-law claims Plaintiff seeks to raise. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

[5] The Legal Aid Society of Orange County, Gary Abramson, and Erik Inelzenka (Legal Aid defendants) moved to dismiss Plaintiff's claims against them, and Plaintiff filed opposition papers. (ECF Docs. 38-43.) These submissions are not a factor in the Court's decision to dismiss this matter *sua sponte*. The motion to dismiss is denied as moot. Should Plaintiff file a viable

within the time allowed, and he cannot show good cause to excuse such failure, the second amended complaint will be dismissed for failure to state a claim upon which relief may be granted. No further opportunities for amendment will be provided.

The motion to dismiss is denied as moot, and the Clerk of Court is directed to terminate it. (ECF No. 38.)

Although Plaintiff paid the filing fees for this action, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 31, 2019
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

second amended complaint and effect service, the Legal Aid defendants may at that time file a dispositive motion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**SECOND AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

# I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

# II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City            State            Zip Code

# III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____

Dated

_____

Plaintiff's Signature

_____

First Name          Middle Initial          Last Name

_____

Prison Address

_____

County, City                    State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____