UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/11/2020

CERIOUS D. McCRAY,

Plaintiff,

-against-

STATE OF NEW YORK, *et al.*,

Defendants.

17-CV-1395 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

Plaintiff Cerious D. McCray ("Plaintiff"), currently incarcerated at Dutchess County Jail and proceeding *pro se*, commenced this action under 42 U.S.C. § 1983 on February 28, 2017 (*see* ECF No. 2).[1] On March 13, 2018, the Court dismissed the complaint with leave to replead. (*See* ECF No. 25.) Plaintiff filed an amended complaint on July 20, 2018, which the Court dismissed because it failed to comply with the Court's order to amend, or with federal pleading rules. (*See* ECF No. 44.) In light of Plaintiff's *pro se* status, however, the Court granted Plaintiff one final opportunity to file a pleading that states a viable claim. (*Id.*) In that order, the Court advised, "If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the second amended complaint will be dismissed for failure to state a claim upon which relief may be granted. No further opportunities for amendment will be provided." (*Id.*) Plaintiff was granted an extension of time, until Febraury 28, 2020, to file his second amended complaint. (*See* ECF No. 48.) To date, Plaintiff has not filed his second amended complaint or otherwise communicated with the Court.

---

[1] Plaintiff, who is barred under 28 U.S.C. § 1915(g) from filing civil actions *in forma pauperis* (IFP) while a prisoner unless he is in imminent risk of serious physical injury, paid the filing fee to bring this action.

Under Rule 41(b) of the Federal Rules of Civil Procedure, "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."). "Dismissal for want of prosecution is a matter committed to the discretion of the trial judge." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation marks omitted). This discretion, however, "is conditioned by certain minimal requirements." *Id.* (internal quotation marks omitted). In particular, the Court should consider:

> (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

*Id.* (internal quotation marks omitted).

Here, Plaintiff has failed to comply with several Court orders and has not taken any steps to advance this action for several months. Moreover, Plaintiff's failure to prosecute this action has impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957 (JFB) (AKT), 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016). Accordingly, due to Plaintiff's failure to prosecute this action, the action is dismissed pursuant to Fed. R. Civ. P. 41(b).

## CONCLUSION

The Clerk of Court is respectfully directed to terminate this action. The Clerk of the Court

is further directed to serve a copy of this Order on Plaintiff at the address listed on the docket and

file proof of service on the docket.

SO ORDERED.

Dated:    March 11, 2020
          White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge